```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**TOBY LYNN SMALL,**

      **Plaintiff,**

**v.**               //    **CIVIL ACTION NO. 1:10CV121**
                                       **(Judge Keeley)**

**JAMES R. RAMSEY, JACK B. KELLEY,
INC., AMERIGAS PROPANE LP, WILLIE
MCNEAL, WAYNE CONCRETE CO., INC.,
TRINITY HIGHWAY PRODUCTS, LLC,
STATE FARM MUTUAL AUTO INS. CO.,
LARRY SLAVENS, and PATRICIA N. PAUL,**

      **Defendants.**

**<u>MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
MOTION TO REMAND AND REQUEST FOR COSTS [DKT. NO. 17 ]</u>**

### I.  INTRODUCTION

After the defendants removed this case from the Circuit Court of Harrison County, West Virginia, on August 5, 2010, the plaintiff, Tobby Lynn Small ("Small"), filed a motion to remand in which he argued that removal was defective because one of the defendants, James R. Ramsey ("Ramsey"), had waived his right of removal by serving an answer and permissive cross-claims. Alternatively, Small argued that the forum defendant rule precluded removal. After hearing oral argument on the motion on October 4, 2010, for the reasons that follow, the Court **DENIED** the motion to remand (dkt. no. 17).

**SMALL V. RAMSEY, ET AL.**                                          **1:10CV121**

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
MOTION TO REMAND AND REQUEST FOR COSTS [DKT. NO. 17 ]**

## II. FACTUAL BACKGROUND

While traveling south on I-79 near mile marker 96 on February 20, 2009, Small's vehicle crossed a bridge, skidded on ice and into the southbound median. After his vehicle came to a stop, Small got out to inspect for damage. While Small was standing alongside the median inspecting his vehicle, Ramsey, who also was traveling south on I-79, skidded on the same icey road surface, lost control of his 2005 Nissan Frontier, and spun around in the roadway. Meanwhile, defendant, Willie McNeal ("McNeal"), a truck driver also traveling south on I-79 in a 2001 International tractor trailer, approached the scene and struck Ramsey's Nissan, which then swerved onto the right shoulder of the southbound lane and collided with the guardrail. McNeal then steered the tractor trailer onto the left shoulder of the southbound lane where it struck a high tension median cable barrier. As a result of that impact, the cable barrier snapped and struck Small, severely injuring him.

## III. PROCEDURAL HISTORY

On June 11, 2010, Small filed suit in the Circuit Court of Harrison County, West Virginia, against Ramsey, McNeal and seven others defendants, including Jack B. Kelley, Inc. ("JBK, Inc."), Amerigas Propane LP ("Amerigas"), Wayne Concrete Co., Inc. ("Wayne

2

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S**
**MOTION TO REMAND AND REQUEST FOR COSTS [DKT. NO. 17 ]**

Concrete"), Trinity Highway Products, LLC ("Trinity"), State Farm Mutual Auto. Ins. Co. ("State Farm"), Larry Slavens, and Patricia N. Paul ("Paul"). On July 19, 2010, Ramsey's attorney filed a notice of bona fide defense in the Circuit Court of Harrison County, and on August 4, 2010 served Small with interrogatories, a request for the production of documents, and an answer. Ramsey also served permissive cross-claims against JBK, Inc., Amerigas, McNeal, Wayne Concrete and Trinity on the 4th. One day later, however, Ramsey joined JBK, Inc. and McNeal, the only defendants who had been served with Small's complaint at that point, in removing the case to federal court pursuant to 28 U.S.C. § 1332. Ramsey's answer and cross-claims were not filed in the Circuit Court of Harrison County until August 9, 2010, four days after remand.

### IV.  MOTION TO REMAND

In his motion to remand, Small argues that, pursuant to this Court's holding in Westwood v. Fronk, 177 F. Supp.2d 536, 540 (N.D.W. Va. 2001), Ramsey's pre-removal pleadings in state court constituted a waiver of his right to remove and also operated as a constructive waiver by his co-defendants, thus preventing them from

3

satisfying the rule of unanimity.[1]  Alternatively, Small contends that the forum defendant rule[2] precludes removal by any defendant.

### V.  LEGAL STANDARD

District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," as well as over all actions in which the amount in controversy exceeds $75,000, where all plaintiffs are diverse from all defendants. 28 U.S.C. § 1331 (federal question jurisdiction), § 1332 (diversity of citizenship jurisdiction); Lincoln Property Co. v. Roche, 546 U.S. 81, 89 (2005) (interpreting 28 U.S.C. § 1332 to "require complete diversity between all plaintiffs and all defendants."). When a federal district court's original jurisdiction is premised on diversity of citizenship, a defendant

---

[1] The "rule of unanimity" requires that all defendants served at the time of removal "join in, or consent to, removal." Wolfe v. Green, 660 F. Supp.2d 738, 744 (S.D.W. Va. 2009) (Copenhaver, J.) (citing 28 U.S.C. § 1446(a); Lapides v. Bd. of Regents of the Univ. Sys. of Ga., 535 U.S. 613, 620 (2002)).

[2] The "forum defendant" rule, which derives from the text of 28 U.S.C. § 1441(b), "prohibits removal of a case when at least one defendant is a citizen of the state in which the action is filed." Atlantic Nat. Trust LLC v. Mt. Hawley Ins. Co., __ F.3d __, 2010 WL 3435378, at *7 (9th Cir. 2010). In Vitatoe v. Mylan Pharmaceuticals, Inc., No. 1:08CV85, 2008 WL 3540462, at *6 (N.D.W. Va. Aug. 13, 2008) (unpublished), this Court held that the plain text of § 1441(b) requires that a forum defendant be both "'joined and served' to preclude removal." Id. (quoting 28 U.S.C. § 1441(b)).

who is not a citizen of the state in which a state court action is filed may remove that action to a federal district court only if the federal district court would have had original jurisdiction over the case when first filed. 28 U.S.C. § 1441(a), (b). An action may not be removed, however, when parties "joined and served as defendants [are] citizen[s] of the State in which such action is brought." 28 U.S.C. § 1441(b). Removal statutes are strictly construed against the party seeking removal and the burden of establishing jurisdiction rests on that party. Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).

Although a federal district court lacks statutory power to remand a case based on a party's waiver of the right of removal, "the Fourth Circuit Court of Appeals [has] recognized that a district court could find such a waiver under common law, but only in very limited circumstances." Westwood, 177 F. Supp.2d at 540 (citing Grubb v. Donegal Mut. Ins. Co., 935 F.2d 57, 59 (4th Cir. 1991)). Before finding such waiver, however, a court must conduct "'a factual and objective inquiry as to the defendant's intent to waive.'" Id. (quoting Rothner v. City of Chicago, 879 F.2d 1402, 1408 (7th Cir. 1989)). When conducting this inquiry, a court must look to whether the defendant took "'some substantial defensive action in the state court before petitioning for removal.'" Id.

5

(quoting Aqualon v. MAC Equipment, Inc., 149 F.3d 262, 264 (4th Cir. 1998)).  Such substantial defensive actions must demonstrate a defendant's "'clear and unequivocal' intent . . . to remain in state court . . . . [and] should be found only in 'extreme situations.'"  Id. (quoting Aqualon, 149 F.3d at 264).  A defendant's admissions of a state court's jurisdiction and venue, without more, will not qualify as an "extreme situation" constituting a waiver; however, "the **filing** of a cross-claim in state court equates to a 'clear and unequivocal intent' to accede to state jurisdiction."  Id. (emphasis added).

## VI.  DISCUSSION

Small is a citizen of North Carolina and therefore is diverse from each of the defendants in this case.  Furthermore, the amount in controversy indisputably exceeds $75,000.  Nevertheless, Small contends that, under Westwood, the defendants improperly removed the case from the Circuit Court of Harrison County because Ramsey's pre-removal service of his answer and permissive cross-claims, as well as discovery requests, constituted a waiver of his right to removal.  Alternatively, he argues that because Small filed his complaint in West Virginia state court and named West Virginia citizens as defendants the "forum defendant rule" precludes removal.

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
MOTION TO REMAND AND REQUEST FOR COSTS [DKT. NO. 17 ]**

At the hearing held on October 4, 2010, the Court concluded that Ramsey's pre-removal filing of a notice of bona fide defense and service of discovery requests, without more, did not constitute a waiver of his right of removal. Accordingly, whether the defendants properly removed this case turns primarily on whether by his pre-removal service of an answer and permissive cross-claims Ramsey waived his right to remove the case to federal court.

**A.   Waiver of the Right to Remove**

In Westwood, the defendant's filing of permissive cross-claims in state court fell "squarely within the 'extreme situation' . . . in which a defendant waives his right to removal." 177 F. Supp.2d at 541.  Here, Small posits that Ramsey's pre-removal service of his answer and permissive cross-claims amounts to a similar "extreme situation" constituting a waiver of his right of removal. Relying on Rule 5 of the West Virginia Rules of Civil Procedure and the decision of the West Virginia Supreme Court of Appeals in Salem v. Franklin, 365 S.E.2d 66, 68 (W. Va. 1987) (per curiam), he contends that, because permissive cross-claims are effective on the date "served" not "filed," Ramsey waived the right to remove this case when he served his answer and cross-claims.

In Salem, a defendant whose answer to the plaintiff's complaint needed to be filed on February 25, 1986 in order to be

timely, served his answer on February 25th but did not physically file it with the circuit court until February 26th. After the circuit court entered a default judgment against the late-filing defendant, the West Virginia Supreme Court of Appeals reversed, stating:

> Because the appellant had until the end of February 25, 1986, to **file** his **answer** . . . **since such filing was made, this Court believes that service was made in a timely manner**.

Id. (emphasis added).

The decision in Salem recognizes that, in West Virginia, a default judgment should only be entered when a party fails to plead or otherwise defend, and that "the policy of the law" favors "the trial of all cases on their merits." Id. (quoting Syl. pt. 2, McDaniel v. Romano, 155 W. Va. 875, 190 S.E.2d 8 (1972)). Although the issue of trying this case on its merits is not relevant here, Small nevertheless relies on Salem to argue that decision conflates the concepts of "service" and "filing" in West Virginia, thereby precluding removal by Ramsey.³

---

³       At the time the West Virginia Supreme Court of Appeals decided Salem, that court did not recognize per curiam opinions as having precedential value. See Lieving v. Hadley, 188 W. Va. 197, 201, 423 S.E.2d 600, 604 n.4 (W. Va. 1992) (Neely, J.), disavowed by Walker v. Doe, 210 W. Va. 490, 493-96, 558 S.E.2d 290, 293-96 (W. Va. 2001). Moreover, it is worth noting that, since Salem was

8

MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
MOTION TO REMAND AND REQUEST FOR COSTS [DKT. NO. 17 ]

1.  **Service and Filing**

Despite Small's argument, Rule 5 of the West Virginia Rules of Civil Procedure clearly distinguishes between the concepts of "service" and "filing." Rule 5(b) defines how service of process may be effected:

> **(b) Same: How Made.** . . . . Service upon the attorney or upon a party shall be made by delivering a copy to the attorney or party; or by mailing it to the attorney or party at the attorney's or party's last-known address or, if no address is known, by leaving it with the clerk of the court; or by facsimile transmission made to the attorney or party pursuant to the West Virginia Supreme Court of Appeals Rules for Filing and Service by Facsimile Transmission. Delivery of a copy within this rule means: handing it to the attorney or to the party; or leaving it at the attorney's or party's office with a clerk or other person in charge thereof; or, if the office is closed or the person to be served has no office, leaving it at the person's dwelling house or usual place of abode with some member of the person's family above the age of 16 years. Service by mail is complete upon mailing.

W. Va. R. Civ. P. 5(b). In contrast, Rule 5(e) sets forth the means by which "filing" may be accomplished:

> **(e) Filing with the court defined.** The filing of papers with the court as required by these rules shall be made by filing them with the

---

decided in 1987, no court in West Virginia or elsewhere has cited it in a reported opinion.

> clerk of the court, who shall note thereon the filing date, except that the judge may permit the papers to be filed with the judge, in which event the judge shall note thereon the filing date and forthwith transmit them to the office of the clerk.

W. Va. R. Civ. P. 5(e).

To accept Small's argument would render the distinctions between service and filing a nullity, a result strongly disfavored by West Virginia's principles of statutory construction. Indeed, a holding that "service" and "filing" are interchangeable concepts under West Virginia's Rules of Civil Procedure would violate the longstanding principle of West Virginia law requiring a reviewing court to adopt a statutory construction that gives effect to all provisions in a rule over one that gives meaning to some provisions while rendering others meaningless. See State v. Rash, 697 S.E.2d 71, 79 (W. Va. 2010) (quoting State v. Hatfield , 380 S.E.2d 670, 673 (W. Va. 1989) (quoting Edwards v. Squier, 178 F.2d 758, 759 (9th Cir. 1949))); see also Anniston Mfg. Co. v. Davis, 301 U.S. 337, 351 (1937).

By separately defining "service" and "filing," Rule 5 clarifies that the two concepts are distinct and serve different purposes. "Service" concerns the delivery of legal process and notice among parties, while "filing" concerns the delivery of legal

SMALL V. RAMSEY, ET AL.                                    1:10CV121

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
MOTION TO REMAND AND REQUEST FOR COSTS [DKT. NO. 17 ]**

process to a court. Accord McClellon v. Lone Star Gas Co., 66 F.3d 98, 101 (5th Cir. 1995) (recognizing that "a pleading is considered filed when placed in the possession of the clerk of the court.").

### 2.  Ramsey Did Not Waive the Right of Removal

An objective and factual inquiry is necessary to determine whether, in the present case, Ramsey's pre-removal defensive action in state court demonstrated a "'clear and unequivocal' intent" to remain there. Westwood, 177 F. Supp.2d at 540 (quoting Aqualon, 149 F.3d at 264). The record establishes that, although Ramsey had served an answer and cross-claims, he had not filed them with the Circuit Court of Harrison County before joining in the removal of the case. Small, however, argues that, because service of Ramsey's cross-claims triggered his co-defendants' obligation to timely respond,[4] Ramsey clearly and unequivocally intended to remain in state court despite the fact that his answer and cross-claims were not filed with the circuit court for adjudication at the time of removal.

---

[4] Under West Virginia Rule of Civil Procedure 12(a)(2), a party served with a permissive cross-claim must serve an answer to the cross-claim within 20 days of being served. Under this rule, however, although service of a cross-claim triggers a served party's obligation to respond to the cross-claim, a court cannot adjudicate the cross-claim until it is filed with that court.

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
MOTION TO REMAND AND REQUEST FOR COSTS [DKT. NO. 17 ]**

A defendant's unequivocal intent to remain in state court, however, must take the form of the defendant's purposeful availament of the state court's jurisdiction. See Westwood, 177 F. Supp.2d at 540; and Baldwin v. Perdue, Inc., 451 F. Supp. 373, 375 (E.D. Va. 1978). Courts have long recognized that the guiding rationale behind the doctrine of waiver is concern for preventing a removing defendant from "test[ing] the waters in state court and, finding the temperature not to its liking, beat[ing] a swift retreat to federal court." Estate of Krasnow v. Texaco, Inc., 773 F. Supp. 806, 809 (E.D. Va. 1991); Alley v. Nott, 111 U.S. 472, 476 (1884) (stating that "[t]o allow a removal after such a trial would be to permit 'a party to experiment on his case in the state court, and, if he met with unexpected difficulties, stop the proceedings, and take the suit to another tribunal.'").

In other words, the doctrine of waiver is concerned with whether a defendant's attempt to remove a case from state court after taking a substantial defensive action there would offend the values of "'judicial economy, fairness, convenience and comity.'" Grubb, 935 F.2d at 59 (quoting Rothner, 879 F.2d at 1416)); see also Sayre Enterprises, Inc. v. Allstate Ins. Co., 448 F. Supp.2d 733, 735 (W.D. Va. 2006) (recognizing that "[r]emand based on waiver should occur when justified by 'the values of judicial

economy, fairness, convenience and comity.'" (quoting Grubb, 935 F.2d at 59 (citing Rothner, 879 F.2d at 1416)).[5]

At bottom, serving but not filing an answer and permissive cross-claims prior to removal does nothing to "test the waters" of the state court. Neither does it disrupt state-federal comity, nor waste scarce judicial resources, generate unfairness, or present inconvenience. See Grubb, 935 F.2d at 59; Krasnow, 773 F. Supp. at 809. That is because of the bedrock legal principle that a reviewing court can neither evaluate nor review matters raised in a pleading until that pleading is filed with the court. See St. Andrews Park, Inc. v. U.S. Dept. of Army Corps of Engineers, 299 F. Supp.2d 1264, 1272 (S.D Fla. 2003) (concluding that the court could not determine whether certain documents were subject to a FOIA

---

[5] Notably, the United States District Courts for the Eastern and Western Districts of Virginia adhere to the rule that a "defendant does not waive the right to remove by filing a pleading in state court that raises a conclusive defense; **waiver requires some further action by the defendant that results in a decision on the merits of the case.**" Sayre Enterprises, 448 F. Supp.2d at 736 (emphasis added) (citing Krasnow, 773 F. Supp. at 808-09); see also Mansfield v. Anesthesia Associates, Ltd., No. 1:07CV941, 2007 WL 4531948, at *2-*3 (E.D. Va. Dec. 18, 2007) (adopting the holding in Sayre Enterprises and recognizing that a defendant's actions in state court must result in a final decision on the merits to constitute a waiver of his right to remove). Under this rule, Ramsey's pre-removal conduct in state court, which resulted in no final decisions on the merits, would not result in a waiver of his right to remove.

exemption when the defendant had failed to file a Vaughn index or affidavit describing the role of the documents sought by the plaintiff); S.E.C. v. Levy, 706 F. Supp. 61, 67 (D.D.C. 1989) (concluding that the court could not evaluate the appropriateness of a defendant's document requests when the defendant had failed to file those requests with the court); Lamon v. Director, California Dept. of Corrections, No. CIV-S-06-0156-GEB-KJM-P, 2008 WL 5068559, at *1 (E.D. Cal. Nov. 25, 2008) (M.J., Mueller) (unpublished) (concluding that the court could not evaluate whether a proposed amended complaint stated any cognizable claims when the proposed pleading had not been filed with the court); Defazio v. Hollister, Inc., No. CIV-04-1358-WBS-GGH, 2008 WL 4979940, at *6 n.6 (E.D. Cal. Nov. 20, 2008) (unpublished) (observing that the court could not review a letter that had not been filed).

Accordingly, inasmuch as service does nothing to test state court waters, a defendant who serves but does not file a pleading prior to removal has not demonstrated the clear and unequivocal intent to accede to state court jurisdiction. See Krasnow, 773 F. Supp. at 809. Thus, given the clear distinction between the concepts of "service" and "filing" under Rule 5 of the West Virginia Rules of Civil Procedure, Ramsey's pre-removal conduct did not constitute a waiver of his right of removal.

**B.   The Forum Defendant Rule**

Although it is undisputed that at the time of removal he had not served his complaint on the forum defendants, Wayne Concrete and Paul, Small nevertheless argues that, under 28 U.S.C. § 1441(b), his mere naming of these forum defendants in the complaint precluded removal of this case. In making this argument, he necessarily urges the Court to reject its holding in Vitatoe v. Mylan Pharmaceuticals, Inc. that the language of § 1441(b) is unambiguous and plainly requires "that a defendant be both 'joined and served' to preclude removal."  No. 1:08CV85, 2008 WL 3540462, at *6 (N.D.W. Va. Aug. 13, 2008) (unpublished) (quoting 28 U.S.C. § 1441(b)).  Small's argument, however, breaks no new ground warranting a result different from that in Vitatoe. The Court therefore rejects his argument that the presence of unserved forum defendants in the complaint precluded removal, and concludes that this case was properly removed from the Circuit Court of Harrison County.

## VII.   CONCLUSION

For the reasons discussed, the Court **DENIED** Small's motion to remand and request for costs (dkt. no. 17).

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to all counsel of record.

DATED: November 1, 2010.

                                            /s/ Irene M. Keeley
                                            IRENE M. KEELEY
                                            UNITED STATES DISTRICT JUDGE