# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TOBBY LYNN SMALL,**

      **Plaintiff,**

**VS.**                                                    **Case No 1:10cv121**
                                                                        **The Honorable Irene M. Keeley**

**JAMES R. RAMSEY, et al.,**

      **Defendants.**

## ORDER/OPINION

On February 9, 2011, Plaintiff Tobby Lynn Small (hereinafter "Plaintiff") filed a "Motion to Compel Defendant Edgar Snyder & Associates, LLC and Request for Costs" [Docket Entry 111]. On March 1, 2011, Defendant Edgar Snyder & Associates (hereinafter "Edgar Snyder") filed a "Motion to Quash and/or Modify and Motion for Protective Order" [Docket Entry 135]. On March 7, 2011, Plaintiff filed a "Motion to Strike, and Reply to Edgar Snyder's Response to Plaintiff's Motion to Compel" [Docket Entry 143]. On March 15, 2011, Plaintiff filed a "Motion to Strike, and Response to, Edgar Snyder's Motion to Quash" [Docket Entry 162]. On March 15, 2011, Edgar Snyder filed a "Response to Plaintiff's Motion to Strike" [Docket Entry 164]. The Court finds all of these filings are related for purposes of this Order.

On or about November 1, 2010, Plaintiff's counsel issued a subpoena duces tecum to Edgar Snyder, which was, at the time, a non-party. The subpoena was to have been complied with by November 29, 2010. The subpoena commanded Edgar Snyder to produce documents. On February 9, 2011, Plaintiff filed his Motion to Compel. By that time Edgar Snyder had been made a defendant, pursuant to an Amended Complaint filed January 7, 2011.[1] It appears from correspondence attached

---

[1] The Court does not find the fact that Edgar Snyder was later made a defendant has any bearing on the initial subpoena duces tecum to that entity as a non-party.

to the Motion to Compel that the parties did correspond and Edgar Snyder had, even before becoming a defendant, produced a number of documents.

While researching the issues in another subpoena duces tecum filed in this case on another non-party, the Court, *sua sponte*, reviewed the subpoena itself and became concerned that it may lack jurisdiction to enforce the subpoena or to resolve any motion to compel or to quash.

Federal Rule of Civil Procedure 45(a)(2)(C) sets forth the requirements for a valid subpoena as follows:

> A subpoena must issue as follows: . . . .
> (C) for production or inspection, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made.

The subpoena issued from this Court, the Northern District of West Virginia. It was addressed to Edgar Snyder & Associates at 600 Grant Street, US Steel Tower, 10th Floor, Pittsburgh, Pennsylvania. The Court finds the subpoena was issued from the wrong court. As the Western District of Virginia held in Doe I v. Pauliewalnuts, 2008 WL 4326473 (W.D.Va. 2008):

> Courts have typically held that such a subpoena is void or invalid on its face under rule 45. *See, e.g.*, *Monsanto Co. v. Victory Wholesale Grocers*, 2008 WL 2066449 *4 (E.D.N.Y. 2008)(subpoena facially invalid); *Falicia v. Advanced Tenant Servs., Inc.*, 235 F.R.D. 5, 11 (D.D.C. 2006)(holding that the Court was unable to issue a subpoena that would require a party to produce documents in another district); *James v. Booz-Allen & Hamilton, Inc.*, 206 F.R.D. 15, 19 (D.D.C. 2002)(subpoena quashed as improper); *Echostar Commc'ns Corp. v. The News Corp., Ltd.*, 180 F.R.D. 391, 397 (D.Colo. (1998(invalid); *Kremen v. Cohen*, 2007 WL 119396 (N.Cal. 2007)(holding that subpoenas were defective on their face "because they were not issued from the court for the district where the productions were to be made" in violation of Rule 45(a)(2)(C)); *Products Mistolin, S.A. v. Mosquera*, 141 F.R.D. 226, 229 (D. Puerto Rico 1992)(subpoena void on its face); *Insinga v. Daimler-Chrysler Corp.*, 2008 WL 202701 (N.D.N.Y. 2008)(finding a violation of Rule 45(a)(2)(C) a "relatively modest procedural defect," although one that would provide a technical basis for denying a motion to compel).
>
> Furthermore, because of the mandatory language contained int rule 45(a)(2)(C), courts have also held that they lack jurisdiction in the first instance over subpoenas which are issued improperly from the wrong court, a defect which may not be waived. *See, e.g., Falicia v. Advanced Tenant Servs., Inc., supra*, 235 F.R.D. at 11; *Echostar Commc'ns*

> *Corp. v. The News Corp., Ltd., supra*, 180 F.R.D. at 396-97 ("even the existence of personal jurisdiction in this court is insufficient to create jurisdiction over the documents which are outside of the district")(*quoting Ariel v. Jones*, 693 F.2d 1058, 1061 (11th Cir. 1982). As a result, this court would also lack jurisdiction to enforce the subpoena. *See Kupritz. v. Savannah College of Art & Design*, 155 F.R.D. 84, 88 (E.D.Pa. 1994).
>
> For the foregoing reasons, the court finds that the subpoena at issue in this case is facially invalid and that the court lacks jurisdiction either to enforce the subpoena or to rule on the merits of the motion to quash. Therefore, in accordance with Federal Rule of Civil Procedure 45(a)(2)(C), the non-party movants' motion to quash subpoena will be granted for lack of jurisdiction.

Id. at *2-3.

In another case, Capouch v. Cook Group Inc., 2006 WL 753169 (W.D.N.C. 2006), the District Court for the Western District of North Carolina addressed the same issue. In that case, Plaintiff served subpoenas issued by the Western District of North Carolina to nonparties located in other states. The court held the subpoenas were "fatally flawed," in that "subpoenas issued to nonparties located out-of-state must be issued in the respective federal districts where those nonparties are located." Id. at *2 (Citing Parkway Gallery Furniture, Inc. v. Kittinger/Pennsylvania House Group, 116 F.R.D. 363 (M.D.N.C. 1987)(obtain production of documents from out-of-state nonparties through issuance of "out-of-district" subpoenas.)

Although the Court could not find any Fourth Circuit Court of Appeals cases directly on point, it finds the above courts' analyses instructive and in compliance with the actual language of F.R.Civ.P 45 (a)(2)(C). The Court agrees with the courts in Capouch and Doe I along with the numerous courts cited therein, and finds the subpoena issued in this case to Continental invalid on its face. This Court therefore lacks jurisdiction either to enforce the subpoena through the motion to compel or to rule on the merits of the motion to quash.

For all the reasons heretofore stated:

1. Defendant Edgar Snyder & Associate's "Motion to Quash and/or Modify and Motion for

Protective Order" [DE 135] is **GRANTED in PART and DENIED in PART**. (For purposes of clarification only, the Motion to Quash is GRANTED for lack of jurisdiction. The Alternative Motion to Modify, and the Motion for Protective Order are DENIED for the same reason.)

2. Plaintiff Tobby Lynn Small's "Motion to Compel Defendant Edgar Snyder & Associates, LLC and Request for Costs" [DE 111] is **DENIED**.

3. Plaintiff's "Motion to Strike, and Reply to, Edgar Snyder's Response to Plaintiff's Motion to Compel" [DE 143] is **DENIED**.

4. Plaintiff's "Motion to Strike, and Response to, Edgar Snyder's Motion to Quash" [DE 162] is **DENIED**.

Because the Court has not ruled on the merits of the motions, and finds lack of jurisdiction on a technical basis, the Court finds none of the parties has substantially prevailed and therefore denies any motions for costs or other sanctions.[2]

It is so **ORDERED**.

The Clerk of the United States Court for the Northern District of West Virginia is directed to terminate Docket Entries 111, 135, 143, and 162, and to provide a copy of this order to all counsel of record.

DATED: March 21, 2011.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[2] Although the Court grants the motion to quash, significantly Defendants never raised the jurisdictional issue. Had they done so, much less time and effort may have been expended by all parties to the motions.