```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TOBY LYNN SMALL,

          Plaintiff,

v.                            //      CIVIL ACTION NO. 1:10CV121
                                              (Judge Keeley)

JAMES R. RAMSEY, JACK B. KELLEY,
INC., AMERIGAS PROPANE LP, WILLIE
MCNEAL, WAYNE CONCRETE CO., INC.,
TRINITY HIGHWAY PRODUCTS, LLC,
STATE FARM MUTUAL AUTO INS. CO.,
LARRY SLAVENS and PATRICIA N. PAUL,

          Defendants,

and

GREEN ACRES CONTRACTING
COMPANY, INC.,

          Third-Party Defendant.
```

           **MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
                   MOTION TO DISMISS [DKT. NO. 177]**

                           **I. INTRODUCTION**

Pending before the Court is the motion to dismiss of the third-party defendant, Green Acres Contracting Company, Inc. ("Green Acres"). For the reasons that follow, the Court **DENIES** Green Acres's motion to dismiss the claim of the plaintiff, Toby Lynn Small ("Small") (dkt. no. 177).

                        **II. FACTUAL BACKGROUND**

This case arises from a three car accident that occurred on I-79 in the winter of 2009. While traveling south on I-79 near mile

marker 96 on February 20, 2009, Small's vehicle crossed a bridge, skidded on ice and into the southbound median (dkt. no. 1). After his vehicle came to a stop, Small got out to inspect for damage (dkt. no. 1). While Small was standing alongside the median inspecting his vehicle, James Ramsey ("Ramsey"), who also was traveling south on I-79, skidded on the same icey road surface, lost control of his 2005 Nissan Frontier, and spun around in the roadway (dkt. no. 1). Meanwhile, the defendant, Willie McNeal ("McNeal"), a truck driver also traveling south on I-79 in a 2001 International tractor trailer, approached the scene and struck Ramsey's Nissan, which then swerved onto the right shoulder of the southbound lane and collided with the guardrail (dkt. no. 1). McNeal then steered the tractor trailer onto the left shoulder of the southbound lane where it struck a high tension median cable barrier (dkt. no. 1). As a result of that impact, the cable barrier snapped and struck Small, who suffered severe injuries (dkt. no. 1).

### III. PROCEDURAL HISTORY

On June 11, 2010, Small commenced this lawsuit in the Circuit Court of Harrison County, West Virginia, against Ramsey, McNeal and seven others defendants, including Jack B. Kelley, Inc. ("JBK,

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO DISMISS [DKT. NO. 177]**

Inc."), Amerigas Propane LP ("Amerigas"), Wayne Concrete Co., Inc. ("Wayne Concrete"), Trinity Highway Products, LLC ("Trinity"), State Farm Mutual Auto. Ins. Co. ("State Farm"), Larry Slavens ("Slavens"), and Patricia N. Paul ("Paul") (dkt. no. 1). On August 5, 2010, Ramsey, JBK, Inc., and McNeal removed the case to this Court (dkt. no. 1).

Thereafter, on January 10, 2011, Wayne Concrete filed a third-party complaint against Green Acres (dkt. nos. 75, 84), the subcontractor for the installation of the high tension cable barrier. On March 18, 2011, pursuant to Fed. R. Civ. P. 14, Small filed a direct claim against Green Acres. Because Small filed this claim 36 days after the expiration of the applicable two-year statute of limitations (dkt. no. 169), Green Acres has moved to dismiss Small's claim as time-barred.

## IV. **DEFENDANT'S MOTION TO DISMISS**

To survive a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations sufficient to state a plausible claim for relief. <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009); <u>Bell Atlantic Corp. V. Twombly</u>, 550 U.S. 544, 557 (2007). "The plausibility standard requires a plaintiff to demonstrate more than a sheer possibility

that a defendant has acted unlawfully. It requires the plaintiff to articulate facts, when adopted as true, that show that the plaintiff has stated a claim entitling him to relief, i.e., the plausibility of entitlement to relief." Francis v. Giacomelli, 588 F.3d 186, 193 (internal quotations omitted).

Although the Court must accept factual allegations in a complaint as true, this "tenet . . . is inapplicable to legal conclusions." Id. at 1950. Thus, a complaint may be dismissed when the facts alleged clearly demonstrate that the plaintiff has not stated a claim and is not entitled to relief. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 at 344-45 (3d ed. 2007). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1949 (citation omitted).

**A.    The Plaintiff's Direct Claim under Rule 14 is Not Time-Barred**

Green Acres argues that, inasmuch as Small did not file his claim within the applicable statute of limitations, the claim is time-barred and should be dismissed because the late filing is prejudicial to it. Small, however, argues that, under West

Virginia's substantive law, his late-filed claim is not time-barred, even though he filed it after the statute of limitations had run.

Pursuant to Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938), the applicable law in a diversity case such as this is determined by the substantive law of the state in which a district court sits. This includes the forum state's prevailing choice of law rules. See Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 496-97 (1941). The parties agree that, because the car accident in this case took place in West Virginia, the substantive law of West Virginia governs this case. See Vest v. St. Albans Psychiatric Hosp., Inc., 182 W. Va. 228 (1989) (stating West Virginia's general rule of lex loci delicti in tort cases).

As discussed earlier, after Wayne Concrete's timely filing of a direct claim against Green Acres, Small also sued Green Acres pursuant to Fed. R. of Civ. P. 14(a). Rule 14, in pertinent part, provides that

> [t]he plaintiff may assert against the third-party defendant any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff. The third-party must then assert any defense under Rule 12[.]

Fed. R. Civ. P. 14(a)(3). The parties agree that Small's claim against Green Acres arose out of the accident that occurred on

February 20, 2009, and that he may pursue it unless Green Acres can assert a valid defense under Fed. R. Civ. P. 12. The parties further agree that the applicable two-year statute of limitations governs Small's claim and that he filed that claim after the statute had run. W. Va. Code § 55-2-12.

Under West Virginia law, the statute of limitations will only bar a plaintiff's direct claim against a third-party defendant if the third-party defendant can establish that it would suffer "substantial prejudice" from the late filing. Hickman v. Grover, 358 S.E.2d 810, 814 (W. Va. 1987). Based on this rule, in order for Green Acres to establish that Small's claim is time-barred, it must demonstrate that it will suffer "substantial prejudice" from Small's late filing. Id.

The standard for demonstrating substantial prejudice is set forth in Hickman, where a plaintiff, who was injured when an air tank exploded, sued the air tank owner. Id. at 118. The day before the applicable statute of limitations expired the defendant air tank owner filed a third-party complaint against the manufacturer of the air tank. Id. Then, approximately six months after the statute of limitations had expired, the plaintiff also sued the manufacturer of the air tank. Id. Although the plaintiff filed his

6

suit after the statute of limitations had expired, the circuit court denied the air tank manufacturer's motion to dismiss, stating that the manufacturer was already actively defending the third-party suit and would suffer no substantial prejudice by having to defend the plaintiff's late-filed claim as well. Id. at 815.

On appeal, the Supreme Court of Appeals of West Virginia affirmed the trial court's holding that, unlike first-party claims, a plaintiff may assert a claim against a third-party defendant regardless of the expiration of the statute of limitations, unless the third-party defendant can demonstrate "substantial prejudice" as a result of the late-filed claim. Id. West Virginia's highest court further held that, because the third-party defendant was already defending the case, it had suffered no prejudice as a consequence of the plaintiff's late-filed claim. Id.

Here, Green Acres argues that it will suffer prejudice if Small is allowed to pursue his direct claim. Asserting it will be exposed to liability as a first-party defendant rather than as a third-party defendant, it argues that such increased exposure could eventually make it solely liable to Small if the other defendants are eventually dismissed from the case. Green Acres also argues

**SMALL V. RAMSEY, ET AL.** 1:10CV121

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO DISMISS [DKT. NO. 177]**

that it will be prejudiced if it is unable to rely on its "right to repose" under the statute of limitations.[1]

Given the holding in Hickman, which is on fours with the facts here, Green Acres has failed to articulate any facts demonstrating that the statute of limitations bars Small's claim.

## V. CONCLUSION

For the reasons discussed, the Court **DENIES** Green Acres's motion to dismiss (dkt. no. 177).

It further **DIRECTS** the Clerk to transmit copies of this order to counsel of record.

It is so **ORDERED**.

DATED: June 27, 2011

/s/ Irene M. Keeley
Irene M. Keeley
United States District Judge

---

[1] The "right to repose" is a doctrinal right intended to "protect defendants. . . from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents, or otherwise." See Crum v. Equity Inns, Inc., 224 W.Va. 246, 251-52 (W. Va. 2009); also Rotella v. Wood, 528 U.S. 549, 555 (2000).