IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TOBBY LYNN SMALL,

      Plaintiff,

VS.                                      Case No 1:10cv121
                                        The Honorable Irene M. Keeley

JAMES R. RAMSEY, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

On the 8th day of June, 2011, Plaintiff filed a "Motion to Compel Discovery from Defendant Trinity Highway Products, LLC and for Other Relief" [Docket Entry 227]. Trinity Highway Products, L.L.C., filed its "Response in Opposition to Plaintiff's Motion to Compel Discovery from Trinity Highway Products, LLC and Other Relief" on June 20, 2011 [Docket Entry 242]. Additionally, Trinity Highway Products, L.L.C., filed its "Motion to Amend Discovery Response" on June 24, 2011 [Docket Entry 244].

The parties appeared before the court by counsel on July 21, 2011 for hearing on the motions. Counsel appearing in behalf of Plaintiff were: David J. Romano and David E. Goddard. Counsel appearing in behalf of Defendant Trinity were: Russell C. Brown and James J.A. Mulhall. Other counsel appeared for other parties but did not actively participate in the hearing. No testimony or exhibits were received in evidence.

### I. Background

Toby Lynn Small alleges that on February 20, 2009 he slid on an icy bridge along the Southbound lane of I-79 near mile marker 96 into the median. He further alleges he got out of his vehicle and was standing near his vehicle when other vehicles slid on the ice resulting in an 18 wheeler truck ultimately striking the high tension median cable barrier causing the same to come in contact with Small. Small claims he was seriously injured.

Small filed suit in the Circuit Court of Harrison County, West Virginia on or about July 12, 2010. The case was removed to federal court August 5, 2010 where the same remains pending pre-trial discovery to be completed by December 30, 2011 and preparation for a trial now scheduled for July 9, 2012.

April 25, 2011 Small filed his First Complete Discovery Requests to Trinity [DE 197].

May 23, 2011 Trinity filed its Responses [DE 210]. Trinity filed a response to Request for Admission 29, but did not respond to the duplicate request contained in Request for Admission 30.

June 8, 2011 Trinity filed its First Supplemental Responses to Small's Discovery Requests [DE 226]. Inclusive in the supplemental response was Trinity's supplemental responses to Requests 29 and 30.

June 8, 2011 Small files his Motion To Compel [DE 227]. Trinity filed its motion to amend its response to Requests 29 and 30 [DE 244]. Small objected on the grounds that the same were inextricably entwined in the outcome of the Motion To Compel.

## II. Contentions

Small generally contends:

1) Trinity's initial responses were incomplete, obstructive of the discovery process and dishonest.

2) Trinity's super numeration objection filed as part of the initial response was spurious.

3) Trinity's supplemental responses are adequate if and only if Trinity did its "due diligence" in obtaining information responsive to Small's discovery requests.

4) The serious deficiencies of Trinity's initial responses undermines any confidence that Trinity did its due diligence in preparation of the supplemental responses.

5) The short time frame between the initial response and the supplemental response is evidence Trinity had the information available to it to make timely complete responses initially but did not do so in order to frustrate and delay the discovery process.

6) Short had to file the motion to compel on June 8, 2011 without waiting for Trinity to

supplement and without reviewing the supplemental responses filed literally hours before in order to preserve his rights and keep the case on schedule.

Trinity generally contends:

1) Trinity did not have the required information available to it to make complete responses to Small's discovery when it initially responded on May 23, 2011.

2) Although Trinity refused to sign a stipulation demanded by Small which had the effect of waiving its objections to the discovery in return for more time to answer the same, Trinity thought it had an agreement with Small that it could supplement its responses in order to avoid a motion to compel.

3) Small violated the letter and spirit of the "meet and confer" requirement preliminary to any motion to compel being filed.

4) Trinity's supplemental responses are complete and accurate responses to Small's discovery.

5) Trinity's failure to respond to Request 30 should not be construed as an admission of the same because Trinity's failure was inadvertent; it answered the same request in its response to Request 29; and permitting its supplement and amendment would not delay discovery

6) Trinity's actions in filing initial responses on May 23, 2011 followed by supplemental responses 16 calendar days later did not delay the preparation of the case.

7) Plaintiff should have waited until he had reviewed Trinity's supplemental responses before filing the motion to compel.

### III. Discussion

There is no dispute that Trinity's initial responses were inadequate. The Court further finds Trinity had adequate time to properly and completely respond to the requests and could have asked the Court for additional time if it did not. The Court further finds that counsel's response that Trinity did not have the information is not an excuse for Trinity not supplying the same timely particularly when Trinity apparently did supply the information once counsel, under imminent threat of a motion to

compel deadline, took control of the situation and prepared supplemental responses.

The Court finds Trinity's super numeration claims to be without merit.

The Court finds Trinity's supplemental responses are adequate if they exercised due diligence in conducting the required investigation prior to making them. The Court further finds the failure of Trinity to make adequate initial responses cast doubt in the minds of Plaintiff and Court as to the bona fides of Trinity's efforts to make discovery which now permeates the dealings between Plaintiff and Trinity.

The Court finds Trinity's service of supplemental answers within hours prior to the motion to compel would have been grounds for the Court to give the parties more time to consider whether those responses were adequate had either of the parties requested such additional time. The failure to apply to the Court for additional time in order to avoid the motion to compel falls on both parties, but more on Trinity. It is also an indication of the level of distrust between the parties and of the lack of "communication" between the parties. It is apparent that they exchanged correspondence and emails and talked on the phone. Those are not evidence of communication. The situation as presented to the Court at the hearing showed a lack of and/or break down in communication.

The Court further finds delay in making the supplemental responses did not substantially impair discovery in this case.

The Court further finds that the failure of Trinity to respond to Request 30 when it filed its May 23, 2011 responses was oversight and inadvertent. The Court further finds that it had already responded to Request 30 when it filed its response to the identical and redundant request, to wit: Request 29.

Trinity has had more than adequate time since the filing of its supplemental responses to further review its records and those records available to it to determine if the supplemental responses were adequate as it argued at the hearing of July 21st and if not to again supplement the same.

## IV. Decision

For the stated on the record of the hearing of July 21, 2011 and as set forth herein, **Small's Motion to Compel [DE 227] is GRANTED IN PART AND DENIED IN PART** and , within 10 calendar days of the entry of this order, Trinity shall file a supplement its supplemental responses with any information it has discovered since June 8, 2011 that is responsive to the original discovery requests but was not provided in the first supplemental responses.  Trinity shall thereafter be bound by its responses unless it can  show in fact and law good cause that it should not be so bound.

For the reasons stated herein, **Trinity's Motion To Amend [DE 244] is GRANTED**.

Small shall file  a statement of the reasonable costs and expenses it claims it expended in the prosecution of the within motion to compel within 10 calendar days of the entry of this order.  In the event a statement of costs and expenses is filed by Small, Trinity shall have 20 calendar days from the date of this order to file any objection it may have to the reasonableness of amount and necessity of the fees and expenses claimed and why the Court, under the facts of this matter, should not allocate or apportion some share of those costs and expenses claimed by Small be paid by Trinity.  In the event Trinity files such objection and in the unlikely event the parties are unable to agree on a just apportionment, the Court will hear the parties on the matter of costs and expenses on September 20, 2011 at 4:00 pm at the Clarksburg, West Virginia point of holding court.

It is so **ORDERED**.

The Clerk of the United States Court for the Northern District of West Virginia is directed to provide a copy of this order to all counsel of record.  The Clerk is further directed to remove DE 227 and DE 244 from the docket of motions actively pending before this Court.

DATED: 22 August 2011

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE