IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TOBBY LYNN SMALL,**

**Plaintiff,**

**VS.**                                                   **Case No 1:10cv121**
                                                          **The Honorable Irene M.  Keeley**

**JAMES R.  RAMSEY, et al.,**

**Defendants.**

**MEMORANDUM OPINION AND ORDER**

On the 8th day of June, 2011, Plaintiff filed a "Motion to Compel Discovery from Defendant

Trinity Highway Products, LLC and for Other Relief."  Trinity Highway Products, L.L.C., (Trinity") filed

its "Response in Opposition to Plaintiff's Motion to Compel Discovery from Trinity Highway Products,

LLC and Other Relief" on June 20, 2011 [Docket Entry 242].  Additionally, Trinity Highway Products,

LLC, filed its "Motion to Amend Discovery Response" on June 24, 2011 [Docket Entry 244].

The parties appeared before the court by counsel on July 21, 2011 for hearing on the motions.

Counsel appearing in behalf of Plaintiff were: David J. Romano and David E. Goddard.   Counsel

appearing in behalf of Defendant Trinity were: Russell C. Brown and James J.A. Mulhall.

After, the hearing, in an Order entered August 22, 2011, the Court found as follows:

On April 25, 2011 Small filed his First Complete Discovery Requests to Trinity [DE 197].

On May 23, 2011 Trinity filed its Responses [DE 210].  Trinity filed a response to Request for

Admission 29, but did not respond to the duplicate request contained in Request for Admission 30.

On June 8, 2011 Trinity filed  its First Supplemental Responses to Small's Discovery Requests

[DE  226].    Inclusive in the supplemental response was Trinity's   supplemental responses to Requests

29 and 30.

On June 8, 2011 Small filed his Motion To Compel [DE 227].  Trinity filed its motion to amend

its response to Requests 29 and 30 [DE 244].  Small objected to the amendment on the grounds that the same were inextricably intertwined in the outcome of the Motion To Compel.

The Court found as follows:

1.      Trinity's initial responses were inadequate, and Trinity had adequate time to properly and completely respond to the requests.  If not, Trinity could have asked the Court for additional time.

2.      Counsel's response that Trinity did not have the information is not an excuse for Trinity not supplying the same timely particularly when Trinity apparently did supply the information once counsel, under imminent threat of a motion to compel deadline, took control of the situation and prepared supplemental responses.

3.      Trinity's original super numeration claims to be without merit.

4.      Trinity's supplemental responses were adequate, if it exercised due diligence in conducting the required investigation prior to making them.

5.      The  failure of Trinity to make adequate initial responses cast doubt in the minds of Plaintiff and the Court as to the bona fides of Trinity's efforts to make discovery which now permeates the dealings between Plaintiff and Trinity.

6.      Trinity's service of supplemental answers within hours prior to the motion to compel would have been grounds for the Court to give the parties more time to consider whether those responses were adequate had either of the parties requested such additional time.  The failure to apply to the Court for additional time in order to avoid the motion to compel falls on both parties, but more on Trinity.  It is also an indication of the level of distrust between the parties and of the lack of "communication" between the parties.  It is apparent that they exchanged correspondence and emails and talked on the phone.  Those are not evidence of communication.  The situation as presented to the Court at the hearing showed a lack of and/or break down in communication.

7.      The  delay in making the supplemental responses did not substantially impair discovery in this

case.

8.      Trinity's failure to respond to Request 30 when it filed its May 23, 2011, responses was oversight

and inadvertent.

The Court then held, for reasons stated on the record of the hearing of July 21, 2011, that Small's

Motion to Compel was granted in part and denied in part.

The Court then gave Plaintiff 10 days to file a statement of reasonable costs and expenses claimed

for the prosecution of the motion to compel.  Trinity would then have 20 days to file any objection. A

hearing was scheduled for September 20, 2011, at 4:00 pm to hear the matter.

The parties' counsel,  by separate email communications to the Court, waived their opportunity

to be heard on the matter and submitted the same for decision on briefs.

### Discussion

Fed.R.Civ.P. 37(a)(5) provides:

(A) If the motion is granted - - or if the disclosure or requested discovery is provided after the
motion was filed - - the court must, after giving an opportunity to be heard, require the
party or deponent whose conduct necessitated the motion, the party or attorney advising
that conduct, or both to pay the movant's reasonable expenses incurred in making the
motion, including attorney's fees.  But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the
disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response or objection was substantially
justified; or

(iii) other circumstances make an award of expenses unjust.

(B) If the motion is denied, the court may issue any protective order authorized under Rule
26(c) and must, after giving an opportunity to be heard, require the movant, the attorney
filing the motion, or both to pay the party or deponent who opposed the motion its
reasonable expenses incurred in opposing the motion, including attorney's fees.  But the
court must not order this payment if the motion was substantially justified or other
circumstances make an award of expenses unjust.

(C) If the motion is granted in part and denied in part, the court may issue any protective
order authorized under rule 26(c) and may, after giving an opportunity to be **heard,
apportion the reasonable expenses for the motion.**

In this case, the Motion was Granted in Part and Denied in part.  Therefore, neither (A) nor (B)

precisely fits.  Further, the docket indicates that Trinity's Supplemental Responses were filed the same day as, but approximately one hour before the Motion to Compel was filed.  Although only the Certificate of Service was filed, as is required under the Rules, Plaintiff's counsel had reason to be aware that Trinity had supplemented its responses prior to filing his motion to compel.

After Trinity filed its original responses on May 23, 2011, Plaintiff had 30 days, or until June 22, 2011, to file a motion to compel.  According to Plaintiff, on May 26, 2011, he sent a letter to Trinity detailing its violation of the discovery rules.  Plaintiff's counsel and Trinity's counsel conferred on May 31 and June 1.  Trinity's counsel requested more time to review the matter and perhaps make additional responses.  Plaintiff's counsel indicated he "would agree to a 10 day extension **if** Trinity would enter a stipulation requiring full and complete answers without any objections other than bona fide claims of attorney client privilege and/or assertion of work product protection if done in good fath."  (Emphasis added). Trinity did not agree to the stipulation, but advised that its supplemental responses would be served "next week."  Plaintiff responded as follows:

> Jim
>
> Sorry but Plaintiff cannot rely on Trinity's compliance with the Rules in view of the imminent scheduling order and Trinity's decision to refuse the Stipulation; we will file a Motion to Compel unless Trinity changes its mind and agrees to the Stipulation by 10:00 tomorrow as Trinity's discovery conduct already demonstrates bad faith and Plaintiff cannot buy a "pig in a poke" under the circumstances; sorry we could not work this out.
>
> djr.

It is undisputed that Trinity did file its supplemental responses the "next week."  Plaintiff's counsel admits in his own affidavit that he reviewed the supplemental responses the day after they were filed, or June 9, 2011.  Nevertheless, on June 10, 2011, Plaintiff's counsel faxed a cover letter to Judge Keeley attaching a working copy of the motion to compel along with the exhibits.  There is no mention of the supplemental responses.

The Court is sympathetic with Plaintiff's frustration regarding Trinity's  first responses, and understands Plaintiff's counsel was under some pressure due to the expert disclosure deadline of July 1,

2011.  Ironically, however, the Court finds the filing of the motion did not speed up the process, and may have delayed it.  Counsel filed the motion on June 8, 2011.  It was referred to the undersigned on June 14, 2011.  Hearing on the motion was held on July 21, 2011.  At the hearing the Court found the supplemental responses satisfactory.  Plaintiff's counsel also found them satisfactory, **if** counsel had performed due diligence.  Trinity's counsel stated on the record it had.

The Court found in its Order of August 22, 2011, that the service of supplemental answers would have been grounds for the Court to give the parties more time to consider whether those responses were adequate had either of the parties requested such additional time.  The Court found the failure to make such a request fell more on Trinity's shoulders, but was the fault of both parties.  For reasons stated at the prior hearing, he Court found the exchanged correspondence and emails and phone conversations were not evidence of good faith communication, but instead  showed a lack of and/or break down in communications.  Finally the Court found the delay in making the supplemental responses did not substantially impair discovery in this matter.

Based on all of the above, the Court finds its intervention was not necessary to the resolution of the dispute.  At the time of the filing of the supplemental responses, Plaintiff had 15 more calendar days in which to file his motion.  Those responses were deemed adequate, meaning that, had they been timely filed, any motion to compel would have been denied.

Because the Order Granted in Part and Denied in Part the Motion to Compel, the Court may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

Based on all of the above and in accord with FRCivP 37(a)(5)(C) the Court finds:

1)      Small's expenses, including attorneys fees of 1.5 hours for review on 5/23/11 and 2.25 hours for preparation of letter to Trinity's counsel on 06/01/11, were reasonably necessitated by the inadequate responses Trinity initially filed to the discovery requests and were reasonable in amount.

2)      Small's remaining expenses, including attorneys fees, claimed for activities post 06/01/11 were

not reasonably necessary inasmuch as Plaintiff had ample prior notice that Trinity was supplementing its responses before preparing the motion to compel; further had actual knowledge that Trinity supplemented prior to filing of the motion to compel; and had ample time remaining within the rules to review the supplemental responses prior to preparing and filing the motion to compel.

3)      The Court further finds Small's claim that he had to file the motion to meet the expert disclosure deadlines unpersuasive. First, there was still ample time remaining on expert disclosure to facilitate review of the supplemental responses without filing the motion to compel.  Second, if time pressed Small could have requested leave of Court for an extension to expert disclosure citing Trinity's failure as cause all of  which would not have done violence to the remainder of the pre-trial schedule.  Third, the filing of the motion to compel did not advance or maintain the calendar of discovery but instead, had the potential of delaying the same.

Accordingly,

1)      Trinity shall pay to Small the sum of $937.50 calculated as follows:  3.75 hours x $250.00 per hour= $937.50, within 30 days of the entry of this order; and

2)      Small's claim for the remaining costs and expenses of $4,250.00 is denied.

It is so **ORDERED**.

Pursuant to FRCivP 72(a) any party aggrieved by this order may serve and file objections to the same within 14 days after being served with a copy hereof.

The Clerk of the United States Court for the Northern District of West Virginia is directed to provide a copy of this order to all counsel of record.

DATED: 20 September 2011.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE