IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TOBBY LYNN SMALL,**

   **Plaintiff,**

VS.              Case No 1:10cv121
                 The Honorable Irene M. Keeley

**JAMES R. RAMSEY, et al.,**

   **Defendants.**

**MEMORANDUM OPINION/ORDER**

**I.  Procedural History**

The within civil action was instituted and then removed to this Court on August 5, 2010. It is a personal Injury action arising out of February 2009 accident. Toby Lynn Small alleges that on 20 February 2009 he slid on an icy bridge along the Southbound lane of I-79 near mile marker 96. He either slid or drove into the median. He further alleges he got out of his vehicle to survey any damage to his vehicle. As Small was standing near his vehicle, a vehicle driven by James R. Ramsey slid on ice and in front of an 18 wheeler truck. The 18 wheeler truck ultimately came into contact with the Ramsey vehicle and then crossed from the slow lane into the passing lane and into the median where it struck a high tension median cable barrier. Some portion of the high tension median barrier system contacted Small. Small claims he was seriously injured.

The District Judge entered an Agreed Order Granting Bifurcation April 5, 2011[DE 183]. The order bifurcated bad faith and UTPA (medical expense ) Count IV claims of Small against his insurer, State Farm, and its personnel from the pending liability claims against Ramsey, Kelley Wayne, Trinity, McNeal, Amerigas, Snyder & Associates and Ramsey.

Small and Intervenor Nationwide became embroiled in a dispute over the terms and provisions of a protective order during the late spring of 2011 [DE 248]. The District Judge gave

Small and Nationwide time to work out their differences.

State Farm filed its objection to the proposed protective order in the summer of 2011 [DE 271].

August 11, 2011 Small filed his notice of 30(b)(6) deposition and production of documents demand on Nationwide. [DE 279].

August 12, 2011 Small filed his notice of 30(b)(6) deposition and production of documents demand on State Farm [DE 280].

August 12, 2011 the District Judge entered an order directing Small, Nationwide and State Farm to continue their negotiations and file a joint status report or agreed protective order by September 12, 2011 [DE 281].

After the District Judge's order of August 12, 2011, Small filed his Objection and Motion to Strike Defendant State Farm's Response In Opposition To Plaintiff's Motion For Protective Order [DE 282]. **This motion was referred by the District Judge to the magistrate judge on September 20, 2011 [DE 317]**.

August 24, 2011 Small filed his motion for extension of time to file joint status report regarding protective order [DE 290].

August 25, 2011 the District Judge entered an order granting Small's motion, extending time to file the joint status report to October 7, 2012[1], and directed Small, the intervenor, Nationwide... and the defendant, State Farm Mutual Auto Ins. Co., to continue their negotiations toward a protective order.  [DE 294].  The order has not been changed or challenged.

August 26, 2011 State Farm filed its response to Small's objection and motion to strike contending the matter of State Farm's participation in the dispute over the protective order has been rendered moot by the District Judge's order recognizing its interest in the matter. [DE 297].

---

[1] In all likelihood, the year is a scrivener's error and the real date is October 7, 2011.

The motion for protective order issue and Small's objection to State Farm's participation in the protective order issue [DE 282] had not been referred to the undersigned pursuant to 28 USC 636(b)(1) before the hearing on the issues raised by DE 282, 307 and 311.

The magistrate judge had no jurisdiction over the issues raised by the protective order or the objection to State Farms objections to the same until those matters were referred to him.

September 6, 2011 State Farm moved to quash the deposition and document production demand [DE 307].

September 7, 2011 State Farm's motion to quash was referred to the magistrate judge by the district judge [DE 308].

September 13, 2011 Nationwide moved to quash the deposition and document production demand [DE 311].

September 13, 2011 Nationwide's motion to quash was referred to the magistrate judge by the district judge [DE 312].

Magistrate Judge temporarily stayed deposition and production requests scheduled for September 14, 2011 by order dated September 13, 2011 [DE 313].

September 19, 2011 Small filed his responses to the motions to quash Nationwide [DE 314] and State Farm [DE 315].

By order dated September 26, 2011 [DE 324] the District Judge referred the within civil action to the undersigned to conduct hearings and rule on all non-dispositive motions.

## II.  Issues Presented

1. What, if any, terms of protection are appropriate for imposition on the use, maintenance, storage, and protection of the medical records of Tony Lynn Small? [DE 248].

2. What standing, if any does State Farm have with respect to the issues of a protective order given that the first party UTPA and Bad Faith claims against it have been bifurcated? [DE 271, 281,

282, 290, 294 and 297].

3. Should Small be permitted to conduct discovery of the methods and practices of Nationwide and State Farm in maintaining medical records that come in to their possession incident to litigation? [DE 279, 280, 307, 311, 314, and 315].

### III. Discussion

Given the scheduling order entered in this case, the Order dated August 25, 2011 [DE 294] giving the parties until October 7, 2012 to resolve their differences relative to a protective order was in error. The intended date was October 7, 2011.

The magistrate judge only tangentially discussed the issues of the terms, provisions and requirements of any protective order with counsel during the hearing of September 21, 2011 because the hearing was primarily on Issues 2, and 3 herein, issue 1 herein not having been referred at that time.

The magistrate judge questions whether any discovery is necessary in order to rule on the issue of a protective order under issue 1 and recognizes that should the protective order issue be resolved, that resolution may render moot the issues of discovery and or standing of State Farm.

The magistrate judge questions whether the real issues of liability and damages, issues at the heart of Small's claims filed and pending before this Court are unreasonably sidelined, delayed and obscured by the dispute over the issue of protecting his medical records.

Accordingly, the Court corrects the scrivener error in the order dated August 25, 2011 [DE 294].

### IV. Order

For the reasons set forth herein, it is **ORDERED**:

1) Small, Nationwide and State Farm shall have until Friday, October 7, 2011 at 4:00 pm to resolve the pending dispute over the protective order to be entered and applied to the Small

       medical records produced in this civil action and submit the same as an agreed order to the Court for entry.

2)    By 4:00 pm Wednesday, October 5, 2011 Small, Nationwide and State Farm shall each file with the Clerk their final versions of what they believe to be an appropriate protective order for the Small medical records with a copy of the same emailed to the Court at [MJ_Kaull@wvnd.uscourts.gov](mailto:MJ_Kaull@wvnd.uscourts.gov) in word perfect digital format.

3)    No other briefings or submissions are to be presented.

4)    In the event the protective order issue remains unresolved as of 4:00 pm Friday, October 7, 2011, the attorneys who appeared and argued the motion before the magistrate judge on September 21, 2011 [Romano, Foggan and Fuller] shall at that time [4:00 pm Friday, October 7, 2011] join in a telephonic conference call to the Court for an on the record hearing on the protective order and its required provisions being at said time prepared to discuss the following:

    a.    Only the provisions on which the parties cannot agree.

    b.    The reasons the parties are unable to agree on each disputed provision.

    c.    Reasons why the Court should not enter its own protective order providing for the use of the Small medical records for the within case; providing for the making and filing of a digital copy of all of said medical records under the protective seal of the Court; preservation and protection of the records for some period following the completion of the case; return of the copies of the records to Small at the conclusion of said Court ordered time period; retention of the sealed copy of the records in the Court file with any party having the right to petition the Court for the right to use said records or any portion thereof upon notice to Small and opportunity to be heard.

       The Clerk of the United States Court for the Northern District of West Virginia is

directed to provide a copy of this order to all counsel of record.

    DATED: 30 September 2011

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE