IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TOBBY LYNN SMALL,

      Plaintiff,

v.                                    //    CIVIL ACTION NO. 1:10CV121
                                          (Judge Keeley)

JAMES R. RAMSEY, JACK B. KELLEY,
INC., AMERIGAS PROPANE LP, WILLIE
MCNEAL, TRINITY HIGHWAY PRODUCTS, LLC,
STATE FARM MUTUAL AUTO. INS. CO.,
LARRY SLAVENS, and PATRICIA N. PAUL,

      Defendants.

MEMORANDUM OPINION AND ORDER DENYING MOTION FOR LEAVE
TO AMEND ANSWER TO ASSERT COUNTERCLAIM [DKT. NO. 326]

Pending before the Court is the defendant James R. Ramsey's Motion for Leave to Amend Answer to Assert Counterclaim (dkt. no. 326). For the reasons stated at the hearing held on January 31, 2012, and discussed below, the Court **DENIES** the motion.

I.

On February 20, 2009, the plaintiff, Tobby Lynn Small ("Small") and the defendant, James R. Ramsey ("Ramsey"), were involved in a multi-vehicle accident on Interstate 79. Small initiated this civil action on June 11, 2010, by filing a complaint in the Circuit Court of Harrison County, West Virginia, against Ramsey and eight other defendants. The defendants removed the case to this Court on August 5, 2010, pursuant to 28 U.S.C. § 1441(a).

**SMALL V. RAMSEY, ET AL.**                                           **1:10CV121**

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR LEAVE
TO AMEND ANSWER TO ASSERT COUNTERCLAIM [DKT. NO. 326]**

Subsequent to a scheduling conference held on January 6, 2011, attended by counsel for all parties, the Court entered a Scheduling Order containing the following:

> **JOINDER AND AMENDMENTS:** Motions to join additional parties, motions to amend pleadings, as well as any similar motions, by the plaintiff shall be filed by **March 18, 2011.** Motions to join additional parties, motions to amend pleadings, as well as any similar motions, by the defendant shall be filed by **March 18, 2011.**

(Dkt. No. 85 at 3-4). On January 7, 2011, with the Court's leave, Small filed his First Amended Complaint. Ramsey then filed an Answer on January 25, 2011.

More than six months after the deadline for amendments had passed, on October 3, 2011, Ramsey filed a motion seeking the Court's leave to amend his answer to assert a counterclaim against Small. It is apparent from the motion that, for some time, Ramsey has been pursuing separate litigation in order to recover for the injuries he sustained in the February 20, 2009 accident with Small. He now seeks to abandon his separate lawsuit and proceed with his claims in this Court.

**II.**

Ramsey, along with his wife, Virginia E. Ramsey, who pursues a derivative claim for loss of consortium, first filed a complaint against Small and three other defendants in federal court on

2

**SMALL V. RAMSEY, ET AL.**                                              **1:10CV121**

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR LEAVE
TO AMEND ANSWER TO ASSERT COUNTERCLAIM [DKT. NO. 326]**

February 1, 2011, asserting causes of action arising from the February 20, 2009 accident. Chief Judge Bailey of this District dismissed that case <u>sua</u> <u>sponte</u> on June 10, 2011 for lack of subject matter jurisdiction, i.e., the absence of complete diversity. Eleven days later, on June 21, 2011, the Ramseys filed another complaint in the Circuit Court of Monongalia County, West Virginia, with the same claims. The defendants in that case moved to dismiss the complaint on the grounds that, pursuant to Fed. R. Civ. P. 13, the Ramseys' claims should have been filed as compulsory counterclaims in the action pending in front of this Court. The state court judge denied these motions to dismiss without prejudice, stayed the state court action, and directed Ramsey to file, in this Court, a motion to amend his answer to assert a counterclaim and, subsequently, a motion to intervene on behalf of Mrs. Ramsey. Ramsey's motion to amend (dkt. no. 326) is now ripe for the Court's review.

**III.**

As Ramsey's motion to amend came more than six months after the March 18, 2011 deadline for amendment of pleadings set forth in the scheduling order, (dkt. no. 85), "the good cause standard [of Rule 16(b) of the  Federal Rules of Civil Procedure] must be satisfied to justify leave to amend the pleadings." <u>Nourison Rug</u>

**SMALL V. RAMSEY, ET AL.**                                   **1:10CV121**

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR LEAVE
TO AMEND ANSWER TO ASSERT COUNTERCLAIM [DKT. NO. 326]**

Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008). Once the
moving party satisfies the good cause standard of Rule 16(b), "the
movant then must pass the tests for amendment under Rule 15(a)."
Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W. Va. 1995).

**A.**

Fed. R. Civ. P. 16(b)(4) provides that "[a] schedule may be
modified only for good cause and with the judge's consent." This
standard "focuses on the timeliness of the amendment and the
reasons for its tardy submission; the primary consideration is the
diligence of the moving party." Montgomery v. Anne Arundel Cnty.,
Md., 182 F. App'x 156, 162 (4th Cir. 2006) (per curiam); see
Marcum, 163 F.R.D. at 255 ("the touchstone of 'good cause' under
Rule 16(b) is diligence"); see also Fed. R. Civ. P. 16 advisory
committee's note, 1983 Amendment, Subdivision (b) ("the court may
modify the schedule on a showing of good cause if it cannot
reasonably be met despite the diligence of the party seeking the
extension"). Accordingly, "[g]ood cause is not shown when the
amendment could have been timely made." Aventis Cropscience N.V. v.
Pioneer Hi-Bred Int'l, Inc., No. 1:00-463, 2002 WL 31833866, at *2
(M.D.N.C. Dec. 12, 2002) (citing Wildauer v. Frederick County, 993
F.2d 369, 372 (4th Cir. 1993)).

**SMALL V. RAMSEY, ET AL.**                                          **1:10CV121**

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR LEAVE
TO AMEND ANSWER TO ASSERT COUNTERCLAIM [DKT. NO. 326]**

In essence, Ramsey's argument is that he delayed amending his answer because he believed that his counterclaim was not compulsory pursuant to Fed. R. Civ. P. 13(a) and that, as such, the best way for him to preserve Mrs. Ramsey's derivative claim for loss of consortium was to proceed with a jointly initiated separate suit. This explanation, however, provides little by way of demonstrating diligence in pursuing his proposed amendment in this Court. Notwithstanding any interpretation of Fed. R. Civ. P. 13, the strategy that Mr. and Mrs. Ramsey now seek to pursue – filing a counterclaim and, subsequently, a motion to intervene – was, as the parties readily acknowledge, available well before the March 18, 2011 deadline for joining parties and amending pleadings. Indeed, the separate suit that the Ramseys filed in federal court on February 1, 2011 amply demonstrates that they had the requisite evidence to support this proposed counterclaim more than a month prior to this Court's deadline.

That Ramsey made a strategic decision to pursue other avenues of litigation and withhold his proposed counterclaim does not demonstrate that the Court's scheduling deadlines could not "reasonably be met" despite his diligent efforts. Fed. R. Civ. P. 16 advisory committee's note, 1983 Amendment, Subdivision (b). Accordingly, as Ramsey's motion does not explain why his

**SMALL V. RAMSEY, ET AL.**                                    **1:10CV121**

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR LEAVE
TO AMEND ANSWER TO ASSERT COUNTERCLAIM [DKT. NO. 326]**

counterclaim could not have been asserted through a timely
amendment pursuant to this Court's scheduling order, the Court
finds that he has failed to demonstrate good cause to amend his
pleading as required by Fed. R. Civ. P. 16(b) and **DENIES** his motion
to amend.

**B.**

Even assuming <u>arguendo</u> that Ramsey had good cause for his
lengthy delay, the proposed amendment nonetheless fails to satisfy
Fed. R. Civ. P. 15. This Rule permits amendment of a pleading "only
by leave of court or by written consent of the adverse party; and
leave shall be freely given when justice so requires." Fed. R. Civ.
P. 15(a). The decision to grant leave to amend a pleading is within
the sound discretion of the district court, although this
discretion is limited by the general policy of favoring the
resolution of cases on the merits. <u>See</u> <u>Laber v. Harvey</u>, 438 F.3d
404, 426 (4th Cir. 2006) (en banc). Such leave "should be denied
only when the amendment would be prejudicial to the opposing party,
there has been bad faith on the part of the moving party, or the
amendment would have been futile." <u>Sciolino v. Newport News, Va.</u>,
480 F.3d 642, 651 (4th Cir. 2007) (quoting <u>Laber</u>, 438 F.3d at 426).
The prejudice caused by a proposed amendment "will often be

**SMALL V. RAMSEY, ET AL.**                                                            **1:10CV121**

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR LEAVE
TO AMEND ANSWER TO ASSERT COUNTERCLAIM [DKT. NO. 326]**

determined by the nature of the amendment and its timing." Laber,

438 F.3d at 427.

Small has not contended that the proposed amendment is futile

or in bad faith; thus, the issue before the Court is whether the

amendment "would be prejudicial to the opposing party." Sciolino,

480 F.3d at 651 (quoting Laber, 438 F.3d at 426). Upon review, the

Court finds that the proposed amendment would indeed be prejudicial

to the plaintiff. Ramsey does not ask to merely clarify an

ambiguity in his pleadings; rather, he seeks to add an entirely new

counterclaim, and an entirely new intervenor, to a case set for

trial on July 9, 2012, in which many of the major deadlines have

already passed. See generally Deasy v. Hill, 833 F.2d 38, 42

("Belated claims which change the character of litigation are not

favored.").

Ramsey maintains that the trial will not be delayed by his

motion, as he requests only "[l]eave to bring the Ramseys up to

speed on written discovery and time to disclose its liability and

damage experts." (Dkt. No. 326 at 6). However, discovery in this

case dates back to 2010, and the expert disclosure deadlines

expired months ago, along with the Daubert motions deadline and the

Daubert hearing date. (Dkt. No. 224). In short, the addition of

Ramsey's counterclaim at this stage of the litigation would

**SMALL V. RAMSEY, ET AL.**                                                    **1:10CV121**

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR LEAVE
TO AMEND ANSWER TO ASSERT COUNTERCLAIM [DKT. NO. 326]**

essentially upend a longstanding scheduling order and jeopardize

the timely disposition this case. As such, even assuming that

Ramsey could show good cause for his dilatory conduct, the Court

finds that the proposed amendment is prejudicial to the plaintiff

and **DENIES** the motion to amend pursuant to Fed. R. Civ. P. 15(a).

**IV.**

For the reasons discussed, the Court concludes that Ramsey has

failed to demonstrate the propriety of the proposed amendment under

either Rules 16(b) or 15(a). Accordingly, the Court **DENIES** his

Motion for Leave to Amend Answer to Assert Counterclaim (dkt. no.

326).

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order

to counsel of record.

DATED: February 8, 2012

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE