```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**TOBBY LYNN SMALL,**

      **Plaintiff,**

v.                              //   CIVIL ACTION NO. 1:10CV121
                                            (Judge Keeley)

**JACK B. KELLEY, INC.,**
**AMERIGAS PROPANE, LP,**
**WILLIE McNEAL, and**
**JAMES R. RAMSEY,**

      **Defendants.**

## MEMORANDUM OPINION ACCOMPANYING JUDGMENT ORDER

This memorandum opinion outlines the calculations set forth in the Judgment Order entered in this case.

### I.

As a threshold matter, for the reasons stated on the record at the evidentiary hearing held on September 10, 2012 and discussed briefly below, the Court **DENIES** the plaintiff's Motion to Enforce Agreement Between the Parties Regarding the Judgment in this Case (dkt. no. 486).

"[T]o exercise its inherent power to enforce a settlement agreement, a district court (1) must find that the parties reached a complete agreement and (2) must be able to determine its terms and conditions." Hensley v. Alcon Labs., Inc., 277 F.3d 535, 540-41 (4th Cir. 2002) (citations omitted). Here, following a jury verdict in favor of the plaintiff, the parties compromised on certain figures which they then presented to the Court within a proposed

**SMALL v. JACK B. KELLEY, ET AL.**                                                 **1:10CV121**

**MEMORANDUM OPINION ACCOMPANYING JUDGMENT ORDER**

judgment order. There was no meeting of the minds concerning a settlement of this matter, however, and there was certainly no complete agreement as to its material terms. See generally Wood v. Virginia Hauling Co., 528 F.2d 423, 425 (4th Cir. 1975); Triad Energy Corp. of West Virginia, Inc. v. Renner, 600 S.E.2d 285, 288 (W. Va. 2004).

    Further, to the extent that this proposed order reflected an agreement at all, it was one that the parties "'desire[d] and expect[ed]'" would be "'reflected in, and be enforceable as, a judicial decree.'" Smyth ex rel. Smyth v. Rivero, 282 F.3d 268, 280 (4th Cir. 2002) (quoting Rufo v. Inmates of the Suffolk County Jail, 502 U.S. 367, 378 (1992)). Such proposals are "'subject to the rules generally applicable to other judgments and decrees,'" and the Court may reject such an agreement where it inaccurately reflects the law. Smyth, 282 F.3d at 280 (quoting Rufo, 502 U.S. at 367). As the parties' proposed judgment order contained significant legal errors, the Court will not place its "'sanction and power'" behind such a proposal by entering it as an order in this case. Smyth, 282 F.3d at 280 (quoting United States v. Miami, 664 F.2d 435, 439–40 (5th Cir. 1981) (en banc) (Rubin, J., concurring). Rather, as reflected in the Judgment Order entered this same day

**SMALL v. JACK B. KELLEY, ET AL.**                                       **1:10CV121**

**MEMORANDUM OPINION ACCOMPANYING JUDGMENT ORDER**

and discussed in detail below, the Court will enter judgment in accordance with its findings as to the applicable law.

**II.**

The jury found the total damages sustained by the plaintiff, Tobby Lynn Small ("Small"), to be as follows:

| | | |
|---|---|---|
| A) | Past medical and hospital expenses | $ 262,877.83 |
| B) | Past and future value of lost household services | $ 85,000.00 |
| C) | Past out-of-pocket expenses for healthcare visits, mileage | $ 461.70 |
| D) | Past personal services or gratuitous services | $ 6,500.00 |
| E) | Past and future physical pain and emotional distress | $ 275,000.00 |
| F) | Past and future aggravation and inconvenience | $ 65,000.00 |
| G) | Past and future humiliation & permanent scarring | $ 225,000.00 |
| H) | Past and future loss of enjoyment of life and permanent injury | $ 400,000.00 |
| | TOTAL DAMAGES | $1,319,839.53 |

The jury further apportioned the fault for these damages as follows:

| | |
|---|---|
| Willie McNeal | 23% |
| James R. Ramsey | 60% |
| Tobby Small | 17% |

**A.   Reduction for Prior Settlements**

Pursuant to the "settlement first" method adopted by the Supreme Court of Appeals of West Virginia in <u>Clark v. Kawasaki</u>, the Court "first credits the amount of the prior settlement against the

**SMALL v. JACK B. KELLEY, ET AL.**                              **1:10CV121**

**MEMORANDUM OPINION ACCOMPANYING JUDGMENT ORDER**

jury verdict." 490 S.E.2d 852, 857 (W. Va. 1997). The amount of all prior settlements between the plaintiff and the former defendants in this case is $492,500. Accordingly, the Court reduces the jury's total verdict of $1,319,839.53 by $492,500.00, which results in a reduced judgment of **$827,339.53.**

    **B.    Reduction for Small's Comparative Fault**

After reducing the jury award by the prior settlement amounts, the Court "then reduces the remainder by the percentage of the plaintiff's comparative negligence." Id. The jury found Small 17% at fault, and 17% of $827,339.53 is $140,647.72.[1] As such, the Court reduces the $827,339.53 judgment by $140,647.72, for a final judgment amount of **$686,691.81.**

    **C.    Prejudgment Interest**

State law governs the award of prejudgment interest in a diversity case. Hitachi Credit America Corp. v. Signet Bank, 166 F.3d 614, 633 (4th Cir. 1999). West Virginia Code § 56-6-31(a) provides, in pertinent part, that:

> [I]f the judgment or decree, or any part thereof, is for special damages, as defined below, or for liquidated damages, the amount of such special or liquidated damages shall bear interest from the date the right to bring the same shall have accrued, as determined by the court . . . Special damages includes lost wages and income, medical

---

[1] All monetary figures are rounded to the nearest cent.

4

**SMALL v. JACK B. KELLEY, ET AL.** 1:10CV121

**MEMORANDUM OPINION ACCOMPANYING JUDGMENT ORDER**

>   expenses, damages to tangible personal property, and similar out-of-pocket expenditures, as determined by the court.

W. Va. Code § 56-6-31(a). Prejudgment interest is "to be recovered only on special or liquidated damages," Grove v. Myers, 382 S.E.2d 536, 542 (W. Va. 1989), and is "intended to make an injured plaintiff whole as far as loss of use of funds is concerned." Syl. pt. 1, Buckhannon-Upshur Cnty. Airport Auth. v. R & R Coal Contracting, Inc., 413 S.E.2d 404 (W. Va. 1991); see also Miller v. Fluharty, 500 S.E.2d 310, 325 (1997) ("Prejudgment interest is a part of a plaintiff's damages awarded for ascertainable pecuniary losses, and serves to fully compensate the injured party for the loss of the use of funds that have been expended.") (internal quotations and citations omitted)).

### i. Amount of Special or Liquidated Damages

Small's special or liquidated damages include past medical expenses ($262,877.83), past loss of household services

**SMALL v. JACK B. KELLEY, ET AL.**                                        **1:10CV121**

**MEMORANDUM OPINION ACCOMPANYING JUDGMENT ORDER**

($17,825.00),[2] past mileage ($461.70), and past gratuitous services ($6,500.00), all amounting to **$287,664.53**.

### ii. Calculation of Prejudgment Interest

W. Va. Code § 56-6-31 "plainly indicates that payment of prejudgment interest shall be on the special damages portions of <u>judgments</u> or <u>decrees</u> for the payment of money, not on verdicts." <u>State Farm Mut. Auto. Ins. Co. v. Rutherford</u>, 726 S.E.2d 41, 46 (W. Va. 2011) (emphasis in original).[3] The Court thus "calculate[s]

---

[2] The verdict form conflated "past and future value of lost household services" into a single category of damages for which the jury awarded $85,000.00. Although "[p]rudent defense counsel should . . . seek a special interrogatory on the issue of special damages," it is nevertheless "the duty of the trial court to ascertain where possible, the amount of special damages at trial" for the purpose of calculating pre-judgment interest. Syl. Pt. 3, <u>Beard v. Lim</u>, 408 S.E.2d 772 (W. Va. 1991); <u>see also</u> <u>Karpacs-Brown v. Murphy</u>, 686 S.E.2d 746, 754 (W. Va. 2009) ("'[W]hen the lawyers and the trial court can sort out the parts of a judgment on which interest should be added, even without special interrogatories, the trial court should do so.'" (citation omitted)). Importantly, however, "the trial court should give the plaintiff the benefit of any doubt in the calculation of prejudgment interest" when the defendant fails to seek a special interrogatory. Syl. Pt. 3, <u>Beard</u>, 408 S.E.2d 772. Here, Small's economic expert testified that the total value of the plaintiff's past household services was $17,825.00, a sum which was then subject to a downward adjustment dependent upon the jury's determination of Small's ability to perform those services. Giving the plaintiff every benefit of the doubt, the Court finds that $17,825.00 represents the absolute outside limit of his damages for past loss of household services and, as such, will award pre-judgment interest on this figure.

[3] Although <u>Rutherford</u> analyzed a prior version of W. Va. Code § 56-6-31, the relevant language between the versions is identical. <u>Compare</u> W. Va. Code § 56-6-31 (1981) ("if the judgment or decree, or any part thereof, is for special damages, as defined below, or for liquidated damages, the amount of such special or liquidated damages shall bear interest from the date the right to bring the same shall have accrued, as determined by the

6

**SMALL v. JACK B. KELLEY, ET AL.**                              **1:10CV121**

**MEMORANDUM OPINION ACCOMPANYING JUDGMENT ORDER**

prejudgment interest on the special damages portion" of the final judgment award of $686,691.81, <u>not</u> on the total verdict amount of $1,319,839.53. <u>Id.</u>

The special damages in this case total $287,664.53, which represents **21.8%**[4] of the total jury verdict of $1,319,839.53. Accordingly, to determine the "special damages portion" of the final judgment, the Court calculates 21.8% of the final judgment amount of $686,691.81, which equates to $149,698.81. Therefore, pursuant to W. Va. Code § 56-6-31, the plaintiff is entitled to prejudgment interest on the amount of **$149,698.81,** which bears interest at a rate of **7.00%** per annum from and including **February 21, 2009,** the date of the accident, until **September 14, 2012**, the date of entry of judgment.

**D. Post-Judgment Interest**

Federal law governs the award of post-judgment interest in diversity cases. <u>Hitachi</u>, 166 F.3d at 633 (citing <u>Forest Sales Corporation v. Bedingfield</u>, 881 F.2d 111, 111-12 (4th Cir. 1989)). Pursuant to 28 U.S.C. § 1961, a successful party may collect

---

court") <u>with</u> W. Va. Code § 56-6-31 (2006) ("if the judgment or decree, or any part thereof, is for special damages, as defined below, or for liquidated damages, the amount of special or liquidated damages shall bear interest at the rate in effect for the calendar year in which the right to bring the same shall have accrued, as determined by the court").

[4] All percentages are rounded to the nearest tenth.

**SMALL v. JACK B. KELLEY, ET AL.** 1:10CV121

**MEMORANDUM OPINION ACCOMPANYING JUDGMENT ORDER**

post-judgment interest "on any money judgment in a civil case recovered in a district court." As such, pursuant to 28 U.S.C. § 1961, the federal rate of post-judgment interest applies in this case.[5] As of the date of entry of the Judgment Order, the applicable rate is **.17%.**

### E. Joint and Several Liability

The parties do not dispute that W. Va. Code § 55-7-24, which governs joint and several liability for multiple defendants, does not apply to this case because it is not a "cause of action involving the tortious conduct of more than one defendant." W. Va. Code § 55-7-24(a).

In <u>Rowe v. Sisters of Pallottine Missionary Society</u>, the Supreme Court of Appeals of West Virginia held that the term "defendant" as used in W. Va. Code § 55-7B-9 (1986), a prior version of the Medical Professional Liability Act, did not refer to

---

[5] To calculate the applicable post-judgment interest rate, see http://www.federalreserve.gov/releases/h15/current/.

> The specific rate referred to in the statutes is found in the table under the two columns headed WEEK ENDING. The two dates under those columns refer to the Friday averages of the last two weeks. Under those columns you need to go down to the row which states U.S. government securities - Treasury constant maturities nominal- 1-year. Where the row and columns meet - that is the rate you use.

Administrative Office of the U.S. Courts, <u>Post-Judgement Interest Rates</u>, http:// www.uscourts.gov/FormsAndFees/Fees/PostJudgement InterestRates.aspx.

**SMALL v. JACK B. KELLEY, ET AL.**                                   **1:10CV121**

**MEMORANDUM OPINION ACCOMPANYING JUDGMENT ORDER**

"non-party tortfeasors." Syl. Pt. 9, Rowe v. Sisters of Pallottine Missionary Society, 560 S.E.2d 491 (W. Va. 2001). Most pertinently for the purposes of the instant case, the Rowe court specifically found that the term "defendant" as used in the statute did not include those former defendants who had "settled and [were] dismissed from the action." Id. at 500.

Four years after Rowe, in 2005, the legislature again selected the term "defendant" as the operative language in W. Va. Code 55-7-24, a statute meant to reform the common law doctrine of joint and several liability in West Virginia. Although the result is somewhat counter-intuitive, it is nevertheless a well-settled legal principle that:

> When the Legislature enacts laws, it is presumed to be aware of all pertinent judgments rendered by the judicial branch. By borrowing terms of art in which are accumulated the legal tradition and meaning of centuries of practice, the Legislature presumably knows and adopts the cluster of ideas attached to each borrowed word in the body of learning from which it was taken and the meaning its use will convey to the judicial mind unless otherwise instructed.

Syl. Pt. 3, CB&T Operations Co., Inc. v. Tax Com'r of State, 564 S.E.2d 408 (W. Va. 2002) (quoting Syl. pt. 2, Stephen L.H. v. Sherry L.H., 465 S.E.2d 841 (W. Va. 1995)). Given the prior decision in Rowe and the legislature's subsequent selection of the term "defendant" in W. Va. Code § 55-7-24, the Court is constrained

**SMALL v. JACK B. KELLEY, ET AL.** 1:10CV121

**MEMORANDUM OPINION ACCOMPANYING JUDGMENT ORDER**

to find that, because James R. Ramsey settled his dispute with Small prior to the trial of this case, he is not a "defendant" for the purposes W. Va. Code § 55-7-24. Cf. Rowe, 560 S.E.2d at 500.

Defaulting to the common law of West Virginia, the defendants Jack B. Kelley, Inc., Amerigas Propane, LP, and Willie McNeal[6] are jointly and severally liable for the full amount of the final judgment in this case. See Syl. Pt. 14, Strahin v. Cleavenger, 603 S.E.2d 197 (W. Va. 2004) ("Tortfeasors whose wrongful acts or omissions, whether committed intentionally or negligently, concur to cause injury are joint tortfeasors who are jointly and severally liable for the damages which result from the wrongs so committed.").

### III.

For the reasons set forth above, the Court concludes that the defendants Jack B. Kelley, Inc., Amerigas Propane, LP, and Willie McNeal are jointly and severally liable in the amount of **$686,691.81**, with pre-judgment interest at the daily rate of **$28.71** for each day from and including February 21, 2009 until September 14, 2012, and totaling **$37,380.42**, resulting in a total judgment including all accrued pre-judgment interest of **$724,072.23.** After

---

[6] Jack B. Kelley, Inc. and Amerigas Propane, LP, are vicariously liable for the tortious conduct of McNeal, and were treated as one defendant for the purposes of trial.

**SMALL v. JACK B. KELLEY, ET AL.**                          **1:10CV121**

**MEMORANDUM OPINION ACCOMPANYING JUDGMENT ORDER**

September 14, 2012, the total judgment including all accrued pre-judgment interest shall accrue post-judgment interest at the rate of .17% per annum, computed daily and compounded annually, until fully paid.

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: September 14, 2012

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE